**STATE of Alaska, Petitioner,**

v.

**David E. SUMMERVILLE, Respondent.**

**No. A–6422.**

Court of Appeals of Alaska.

Oct. 30, 1996.

---

Cynthia M. Hora, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, for Petitioner.

William R. Satterberg, Jr., Fairbanks, for Respondent.

Before BRYNER, C.J., COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

The state petitions for expedited review of an order entered by Superior Court Judge Richard D. Savell declaring unconstitutional portions of chapter 95, Session Laws of Alaska, 1996, a newly-enacted law amending Alaska Criminal Rule 16 to provide for reciprocal discovery in criminal cases. We grant review in accordance with Alaska Appellate Rule 402(b) in view of the importance of the legal issue presented, the need for guidance of the trial courts, and the possibility that the issue in this case may evade appellate scrutiny unless interlocutory review is granted.[1]

David E. Summerville was charged by the state with two counts of first-degree sexual assault and one count of second-degree sexual abuse of a minor. The state subsequently requested that Summerville be required to provide discovery in accordance with the provisions of newly-amended Criminal Rule 16. Summerville moved for a protective order, arguing that portions of the amended rule violated the Alaska Constitution's privilege against self-incrimination, Article 1, § 9, as interpreted by the Alaska Supreme Court in *Scott v. State*, 519 P.2d 774 (Alaska 1974).

After considering arguments by the parties, Judge Savell granted Summerville's motion for a protective order. In a thorough written decision, the judge concluded that certain portions of Rule 16(c) requiring defendants to provide the state with pretrial discovery of names, addresses, phone numbers, and statements of potential defense witnesses[2] stand in direct violation of *Scott*, which expressly held that the Alaska Constitution's bar against compulsory self-incrimination forbids these forms of court-ordered

---

1. The state has also moved for a stay of Summerville's trial pending interlocutory review. In support of its motion, the state asserts that unless a stay is granted, the state will be deprived of the reciprocal discovery to which it is entitled under amended Rule 16. However, the state makes no case-specific claim of prejudice; it has not alleged or shown that the lack of reciprocal discovery will have any actual adverse effect on its ability to present its case at trial. The state also argues that unless a stay is granted, the superior court's order will become moot once Summerville has been tried. Our order granting the state's petition for review, however, recognizes that interlocutory review is necessary because the issue presented in the petition would otherwise be capable of evading review. Implicit in our order granting review on this basis is our

conclusion that, if this case becomes technically moot while review is pending, resolution on the merits will be warranted under an exception to the mootness doctrine. Accordingly, the motion for stay is denied.

2. Specifically, Judge Savell found subparagraphs (c)(1) and (2) of amended Rule 16 violative of *Scott*. In its amended form, Alaska Criminal Rule 16(c)(1) requires the defendant to disclose "the names, addresses, and phone numbers, if known, of persons the defendant is likely to call as witnesses and their written or recorded statements[.]" As amended, Criminal Rule 16(c)(2) requires the defendant to disclose, in relevant part, "papers [or] documents ... the defense is likely to use as evidence at a hearing or trial[.]"

defense disclosure. *See Scott,* 519 P.2d at 786.

Because the legislation amending Criminal Rule 16 included language expressly stating that the provisions of the newly-enacted rule "are not severable," *see* ch. 95, § 2, SLA 1996, Judge Savell went on to conclude that his invalidation of portions of Rule 16(c) required invalidation of the entirety of the rule in its newly enacted form—leaving the pre-existing form of Rule 16 in effect.

■ In seeking expedited review of the superior court's order, the state argues that Judge Savell erred in finding *Scott* controlling on the constitutionality of the portions of amended Rule 16(c) that require defense disclosure of witness information.[3] The state acknowledges that *Scott* addressed this issue as a matter of state constitutional law but maintains that *Scott's* holding is subject to reexamination in light of intervening decisions of the United States Supreme Court and the California Supreme Court interpreting the Federal Constitution.[4]

These precedents, decided under the Federal Constitution, have no direct effect on the Alaska Supreme Court's interpretation of Alaska's constitution. They may, of course, provide occasion for the Alaska Supreme Court to reexamine the decision it reached in *Scott. See, e.g., Beesley v. Van Doren,* 873 P.2d 1280, 1283 (Alaska 1994). But unless and until the Alaska Supreme Court revises *Scott,* its decision in that case remains binding on the superior court and on this court alike.

We must therefore join the superior court in finding unconstitutional the form of Criminal Rule 16(c) enacted in chapter 95 of the 1996 Session Laws. In accordance with section 2 of chapter 95, the entirety of the amended rule must be declared invalid, and the pre-existing version of the rule must remain in effect.

The superior court's order is AFFIRMED.

---

**3.** The state does not challenge Judge Savell's conclusion on the issue of severability.

**4.** Principally, the state relies on *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), and *Izazaga v. Superior Court,* 54 Cal.3d 356, 285 Cal.Rptr. 231, 815 P.2d 304 (1991).